UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALDON CORRION,

        Plaintiff,

v.                                                                                            Case Number: 08-CV-15272
                                                                       Honorable Victoria A. Roberts

HONORABLE STANLEY J. LATREILLE,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING 42 U.S.C. §1983 CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.**

John Aldon Corrion ("Plaintiff"), a state inmate, currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* Civil-Rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff challenges a civil action, where the Livingston County Circuit Court entered a Default Judgment, awarding $995,000 to the other party. According to Plaintiff, the Judgment was entered on August 25, 2008. Plaintiff does not indicate whether he is appealing that Judgment in the state courts. Plaintiff names Livingston County Circuit Court Judge Stanley J. Latreille as the Defendant in this action. Plaintiff is asking this Court to set aside the Circuit Court's August 25, 2008, Default Judgment, and requests that the Court order the Circuit Court to restore him to the status quo. Having reviewed the Complaint, the Court dismisses it for lack of subject-matter jurisdiction and on the basis of absolute immunity. Finally, the Court concludes that an appeal cannot be taken in good faith.

II.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil-rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the Complaint in this case is subject to summary dismissal.

A.

As an initial matter, the Court finds that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), which "holds that lower federal courts lack subject[-]matter jurisdiction to engage in appellate review of state[-]court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state[-]court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also*

*Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). As the United States Supreme Court has explained, "[t]he *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (*per curiam*) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies "when a plaintiff complains of injury from the state[-]court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). Thus, "[i]n determining the applicability of the *Rooker-Feldman* doctrine, federal courts cannot simply compare the *issues* involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint, but instead must pay close attention to the *relief* sought by the federal-court [P]laintiff." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation omitted) (emphasis in the original) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003). "If the source of the injury is that state[-]court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third[-]party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The doctrine applies to attempts to relitigate state[-]court judgments entered before the federal suit was filed; it does not abrogate concurrent jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine. *See Exxon Mobil*, 544 U.S. at 292.

"The *Rooker-Feldman* doctrine is a rule of federal jurisdiction." *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Consequently, it may be raised *sua sponte*. *See Saker v. National City Corp.*, 90 Fed. Appx. 816, 818 n.1 (6th Cir. 2004). When a claim is

barred by the *Rooker-Feldman* doctrine, a court must dismiss the claim for lack of jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Applying the foregoing principles to the present Complaint, the Court finds that it lacks subject-matter jurisdiction to hear Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. The injury complained of is the Default Judgment against Plaintiff, which is solely traceable to the state-court judgment. In other words, Plaintiff has "repaired to federal court to undo the [Michigan] judgment," *Exxon Mobil*, 544 U.S. at 293, and his claim "rests on the premise that the state court entry of [judgment] was invalid." *Thompkins-El v. Wells Fargo Bank Minn.*, No. 05-CV-74715, 2006 WL 2433438, at 3 (E.D. Mich. Aug. 22, 2006) (Battani, J.); *see also Yee v. Michigan Sup. Ct.*, No. 06-CV-15142, 2007 WL 200952, at 5 (E.D. Mich. Jan. 23, 2007) (Rosen, J.). Such claims are barred by the *Rooker-Feldman* doctrine. Because Plaintiff seeks to have the Default Judgment set aside, which is the direct and immediate product of the state-court judgment, his claims are barred by the *Rooker-Feldman* doctrine.

Additionally, the Court notes that Plaintiff's federal claim is barred even if it were not specifically presented to the state court. A federal claim which calls into question the validity of the state-court judgment is inextricably intertwined with the judgment even if the federal claim was not presented in the state-court proceeding; all that is required is that the federal plaintiff have had the opportunity to present the issues involved to the state court. *See Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002); *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000); *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992), *quoted with approval in Wilde v. Ohio Veterinary Med. Licencing Bd.*, 31 Fed. Appx. 164, 166 (6th Cir. Feb. 21, 2002).

Plaintiff can appeal the state-court decision to the Michigan appellate courts, and ultimately the United States Supreme Court, if necessary. Under the *Rooker-Feldman* doctrine, however, this Court lacks subject-matter jurisdiction over his current claim.

**B.**

The Court also finds that Defendant Livingston County Circuit Court Judge Stanley J. Latreille is entitled to absolute immunity in this case. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *see also Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 Fed. Appx. 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Plaintiff's challenge to the proceedings involve the performance of judicial duties. Defendant Judge Latreille is absolutely immune from suit for such conduct and the claim against him must also be dismissed on that basis.

**III.**

For the reasons stated, the Court concludes that it lacks subject-matter jurisdiction over Plaintiff's claims arising from the state-court judgment authorizing a Default Judgment. Additionally, Defendant Livingston County Circuit Court Judge Latreille is absolutely immune from suit under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** Plaintiff's Complaint.

Finally, the Court concludes that an Appeal from this Order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 8, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and John Aldon Corrion by electronic means or U.S. Mail on January 8, 2009.

s/Carol A. Pinegar
Deputy Clerk